IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| THOMAS WAYNE FLORENCE,<br>Petitioner, | § § § | |
| v. | § § | Civil No. 7:12-CV-029-O-BL |
| Director, TDCJ-CID,<br>Respondent. | § § § | Referred to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION

On March 5, 2012, Petitioner Thomas Wayne Florence filed with this court a petition for writ of habeas corpus. (Doc. 3). For the reasons below, it is **RECOMMENDED** that the instant petition be **DENIED**.

### I. BACKGROUND

At the time of filing, Florence was confined in the James Allred Unit of the Texas Department of Criminal Justice (TDCJ) in Iowa Park, Texas. In his petition, Florence seeks to challenge the validity of prison disciplinary action No. 20120071458, for having threatened to inflict harm, for which he was found guilty at the Allred Unit on November 14, 2011. He seeks relief on the following grounds:

1. Insufficient evidence to support his being found guilty at the disciplinary hearing;
2. Retaliation;
3. Denial of the right to call witnesses; and
4. Denial of the right to present certain legal arguments at his disciplinary hearing.

Petition ¶¶ 20.A-D.

In this court's Order of March 4, 2013, (Doc. 35), Florence's retaliation claim was severed from the instant habeas action and added to the new civil rights action which the Clerk of Court was directed to open with Thomas Wayne Florence as the Plaintiff, and the Director, TDCJ-CID, as the Defendant. *See Florence v. Director, TDCJ-CID*, 7:13-cv-00019. In another Order of this court also

dated March 4, 2013, (Doc. 36), this court partially granted Petitioner's Additional Grounds and Questions of Law under *Wolff v. McDonnell*, 418 U.S. 539 (1974), *Sandin v. Conner*, 515 U.S. 472 (1995), and *Hewitt v. Helms*, 459 U.S. 460 (1983), docketed as "Notice," (Doc. 5), insofar as that motion sought to add a new ground to Florence's instant petition, complaining that having been found guilty in a prison disciplinary action has made him ineligible for a hardship transfer to a facility closer to his ailing mother. Accordingly, this Report and Recommendation does not concern Florence's retaliation claim, but does address his first, third, and fourth grounds for relief, as well as the new ground for relief added by this court's partial grant of Petitioner's Additional Grounds. (Doc. 5).

Florence has indicated that the relief he is seeking is the voiding of the disciplinary judgment and an end to "ongoing impeding of medical treatment". Petition ¶ 21. In its Order of March 4, 2013 severing Florence's civil rights claims from the instant habeas petition, (Doc. 35), his complaints regarding medical treatment were severed from this action and added to the new civil rights action. *See Florence v. Director, TDCJ-CID*, 7:13-cv-00019. Accordingly, the only request for relief considered herein is Florence's request that his disciplinary judgment be overturned.

Florence has identified the punishments imposed as a result of his disciplinary action as being a loss of 365 days' good-time credit, a reduction in his custodial classification, and temporary loss of property, as well as loss of commissary and other privileges. Petition ¶ 18. He has indicated that he is not eligible for mandatory supervised release. Petition ¶ 16.

## II. ANALYSIS

In the context of the disciplinary hearing process, a prisoner's rights, if any, are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). Inmates who are charged with institutional rules violations are entitled to rights under the Due Process Clause only when the disciplinary action may result in

a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995). Such liberty interests may emanate from either the Due Process Clause itself or from state law. *See Ky. Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). Liberty interests arising from state law are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484 (internal citations omitted). Only those state-created substantive interests that "inevitably affect the duration of [a prisoner's] sentence" may qualify for constitutional protection under the Due Process Clause. *Id.* at 487. *See also Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995).

The protections afforded by the Due Process Clause thus do not extend to "every change in the conditions of confinement" which adversely affects prisoners. *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). Sanctions which may be imposed as a result of disciplinary cases, including various terms of commissary, recreation, and cell restriction, do not implicate concerns that are protected by the Due Process Clause. *Id.* at 486; *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). Moreover, an inmate has neither a protected property nor liberty interest in his custodial classification." *Moody v. Baker*, 857 F.2d 256, 257-58 (5th Cir. 1988) (internal citations omitted). Insofar as Petitioner challenges his time-earning classification in terms of line class, such classification would not "inevitably affect the duration of his sentence" under *Sandin*. 515 U.S. at 487. The possibility that a particular time-earning classification could affect Petitioner's release date is "too speculative to afford him a constitutionally cognizable claim to the 'right' to a particular time earning status." *Malchi*, 211 F.3d at 959. Petitioner has no constitutionally protected interest in his prison custodial classification or in his future time-earning status. *See Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995). If a petitioner is not eligible for "mandatory supervised release," then there is

no liberty interest at stake in any loss of previously earned good-time credits, and due process does not attach to the disciplinary proceeding. *Madison*, 104. F.3d at 769. Under the circumstances of the instant case, no constitutionally protected liberty interest was implicated by the prison disciplinary hearing or sanctions imposed therein. Accordingly, the instant petition should be denied.

### III. CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that the petition for writ of habeas corpus be **DENIED**.

**IT IS, THEREFORE ORDERED** that this case is **TRANSFERRED** back to the docket of the United States district judge.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.

**SO ORDERED.**

Dated this 5th day of March, 2013.

_____
E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**

4